UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GEORGE VELEZ,

                Petitioner,

—against—

JAMES J. WALSH,

                Respondent,
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**

07-CV-1037 (SLT)

**TOWNES, United States District Judge:**

On March 5, 2007, Petitioner George Velez ("Petitioner"), proceeding *pro se*, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed its Opposition to Petitioner's Affirmation on March 20, 2007. Petitioner filed a reply on April 7, 2007. Petitioner asserts his petition is not time barred based on (i) the doctrine of equitable tolling, and (ii) his claim of "actual innocence." Petitioner fails to demonstrate the instant petition is entitled to equitable tolling of the statute of limitations and fails to show actual innocence. Accordingly, the petition is dismissed as time-barred.

## DISCUSSION

### I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period during which prisoners may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner was convicted and sentenced on May 9, 1996 in the New York Supreme Court, Kings County for one count of second degree murder and one count of second degree possession of a weapon. The New York Supreme Court, Appellate Division, Second Department denied his direct appeal on August 13, 2001. *See People v. Velez*, 728 N.Y.S.2d 720 (N.Y. App. Div. 2001). The New York Court of Appeals denied leave to appeal on October 23, 2001. *See People v. Velez*, 97 N.Y.2d 643 (N.Y. 2001). As Petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final on January 21, 2002, when the ninety-day period to seek direct review from the United States Supreme Court, by way of certiorari, expired. *See Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). The Court received Petitioner's affirmation for habeas relief on March 5, 2007, more than five years after the statute of limitations expired.

**II.     Equitable Tolling**

Petitioner asserts the doctrine of equitable tolling applies and, therefore, his application for habeas relief is timely. Equitable tolling may be appropriate where a petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

2

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner fails to establish grounds for equitable tolling of the statute of limitations.

Petitioner asserts he has been physically ill due to a "sever[e] spinal dysfunction and paralyzed [in the] lower torso causing sever[e] . . . pain and limited functional usage of [his] left leg." Pet. Affirm. at 7. The mere existence of a physical ailment does not justify equitable tolling of the one-year limitation period for habeas petitions; a petitioner must demonstrate that these health problems rendered him unable to pursue his legal rights during the one year time period. *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169 (S.D.N.Y. 2000). Although Petitioner asserts his physical ailments contributed to the delay in filing his affirmation, he does not state when he suffered these injuries or how long they have limited him. Additionally, the Court notes these ailments did not prevent Petitioner from seeking collateral review in the New York State Court System, as he filed motions to vacate his judgment before the New York State Supreme Court on July 22, 2002 and August 15, 2005, sought a writ of error *Coram Nobis* before the Supreme Court, Appellate Division on May 26, 2006, and filed a notice of motion to review pursuant to N.Y. C.P.L.R. § 2221(e)(2) on August 29, 2006. Accordingly, Petitioner is not entitled to equitable tolling due to his physical injuries.

Additionally, Petitioner seeks equitable tolling based on the confiscation of his legal documents. Petitioner asserts that on September 29, 2004, he was subject to a misbehavior report and his property, including legal documents, was confiscated. Petitioner alleges due to this punishment, a subsequent transfer to another detention facility on January 24, 2005, and restrictions due to the size of his housing cell, he was unable to access his legal documents until December 22, 2005, whereupon he alleges a portion of those documents were missing. Even if

these actions merit equitable tolling, and they do not, they occurred over two and a half years after the expiration of the AEDPA statute of limitations. Thus, equitable tolling does not apply.

### III. Actual Innocence

Alternatively, Petitioner argues that he is not procedurally barred from seeking habeas relief because he is actually innocent. To the extent an "actual innocence gateway" exists to cure untimely habeas petitions, a district court must first determine whether the claim of actual innocence is credible. *See Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (stating the question whether the Constitution requires an actual innocence gateway exist as a means of tolling AEDPA's limitation period is still open until a case presents itself where the petitioner can demonstrate his actual innocence). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614 (1998)). The petitioner must support his actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Menefee*, 391 F.3d at 161 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "If the court then concludes that, in light of all the evidence, it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,' a petitioner may invoke the actual innocence gateway and obtain review of the merits of his claims." *Id.* at 162 (quoting *Schlup*, 513 U.S. at 327).

Petitioner offers a letter allegedly written by Joshua Roberto Santos, one of Petitioner's friends, in January 2004, that states the police tried to force Santos to falsely implicate Velez. The letter claims the police offered Santos money to lie about Velez's involvement in the underlying crimes, but further states that he refused to lie or accept money from the police.

4

Petitioner argues Santos's letter proves his actual innocence by casting doubt on the People's witnesses at trial. Pet. Affirm. at 12. Santos's letter, allegedly sent two years after Petitioner's judgment became final and eight years after he was initially convicted, is not sufficiently reliable to provide a basis for actual innocence. *See Whitley v. Senkowski*, 567 F. Supp. 2d 490, 499-500 (S.D.N.Y. 2008) (holding after-the-fact statements and recantation of a witness who testified at trial to be suspect and unreliable). Moreover, even if the contents of the letter were true, the information provided by Santos does not establish that Petitioner did not commit the underlying crimes and, therefore, does not overcome the high threshold of demonstrating a credible claim of actual innocence.

Similarly, Petitioner asserts the failure of the Medical Examiner's Office to produce the complete file of the medical examiner's report and certain rulings the judge made during the trial constituted evidence of actual innocence. Nonetheless, these are evidentiary issues that were resolved at trial and do not constitute new, reliable evidence that support a claim of actual innocence.

Petitioner also vaguely argues that DNA testing of a deformed bullet found at the crime scene would prove his claim of actual innocence. One of the People's witnesses, Detective Gannalo, testified that "the deformity could be attributed to having struck a large mass of bone in a body or having penetrated the skull of a body, but that it would have had to strike something very hard in order for the bullet to be as deformed as it was." Resp't. Affirm. at 7. Petitioner asserts that Detective Gannalo's testimony, coupled with the testimony of the forensic pathologist that the cause of death was by gunshot, led the jury to believe that the deformed bullet introduced into evidence was the bullet that caused the victim's death. Pet. Affirm. at 21. Even assuming that DNA testing was performed on the deformed bullet and it demonstrated that

it was not the cause of the victim's death, it would still not support Petitioner's actual innocence claim. Detective Gannalo already testified that he could not state the recovered bullet was the one that killed the victim. More significantly, the overwhelming evidence of Petitioner's guilt presented at trial was provided by eyewitness accounts of the victim's shooting. *See People v. Velez*, No. 4247/95, *slip op.* at 3 (N.Y. Sup. Ct. Oct. 11, 2002) (denying Petitioner's motion to vacate his judgment of conviction and request for DNA testing pursuant to N.Y. Crim. Proc. § 440.10 and 440.30). Thus, the recovered bullet, regardless of whether it was connected to the victim's death, had no substantial bearing on the Petitioner's conviction. Accordingly, Petitioner is unable to make a credible claim of actual innocence.

## CONCLUSION

For the reasons set forth above, the Court finds that the AEDPA statute of limitations has expired, there are insufficient grounds for equitable tolling and Petitioner has not shown actual innocence. Accordingly, the petition for a writ of *habeas corpus* is dismissed as time barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: February 8, 2010